# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

IRA JEROME MOORE, )
)
    Petitioner, )
)
v. ) Case No. CV415-219
) CR414-382
UNITED STATES OF AMERICA, )
)
    Respondent. )

## REPORT AND RECOMMENDATION

In 1998, the United States District Court for the Northern District of Iowa sentenced Ira Jerome Moore to a 210-month term of imprisonment, followed by a period of supervised release.[1] CR414-382, doc. 1 at 2-7 (Judgment from N.D. Iowa). After he was admitted to

---

[1] In a previous habeas case brought by Moore (in the Western District of Pennsylvania) challenging the execution of that sentence, the court noted that

> [p]etitioner is a federal inmate serving a 210-month term of imprisonment which is to be followed by a 3-year term of supervised release following his convictions for conspiracy to commit bank robbery, attempted bank robbery, and interstate transportation of a stolen vehicle. Petitioner was arrested, tried, convicted and sentenced on these charges and his conviction was affirmed by the United States Court of Appeals for the Eighth Circuit in May, 1999.

*Moore v. Holt*, 2012 WL 580172 (M.D. Pa. Feb. 22, 2012).

supervised release, supervision jurisdiction was then transferred to this Court. *Id.* at 1. On January 7, 2015, this Court revoked Moore's supervised release and sentenced him to an additional 60 months' imprisonment. *Id.*, doc. 14.

Moore now challenges his original sentence under 28 U.S.C. § 2255 or, alternatively, 28 U.S.C. § 2241. *Id.*, doc. 23. He contends that he was "sentenced unlawfully" in Iowa under a provision of the Armed Career Criminal Act ("ACCA") recently determined by the Supreme Court to be unconstitutional. *Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2551 (2015).[2] Doc. 23. Without mentioning which court imposed his original sentence, Moore wants this Court to apply *Johnson* and § 2255's "savings clause" to afford him access to § 2241 and grant him an

---

[2] Under the ACCA, "a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a 'violent felony.'" *Johnson*, 135 S. Ct. at 2555. The ACCA defines a violent felony as "any crime punishable by imprisonment for a term exceeding one year . . . that -- (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*" 18 U.S.C. § 924(e)(2)(B) (emphasis added). *Johnson* held that the highlighted language, known as the residual clause, violates due process because it is unconstitutionally vague. *Id.* at 2560 ("Invoking so shapeless a provision to condemn someone to prison for 15 years to life does not comport with the Constitution's guarantee of due process.").

evidentiary hearing "in order to determine [the] appropriate course necessary to correct" his unconstitutional sentence. Doc. 23 at 3. In other words, he wants his sentence vacated, or at least shortened.

The Court is preliminarily reviewing Moore's motion under Rule 4 of the Rules Governing Section 2255 Proceedings. Because Moore challenges the validity of his original sentence, not its execution, he must seek § 2255 relief in "the court which imposed the sentence." 28 U.S.C. § 2255(a). The ACCA sentence that he challenges was imposed by the Northern District of Iowa, and therefore he must pursue § 2255 relief in that court, not here.

Even if Moore could surmount § 2255(a)'s geographic/jurisdictional limitation, he can invoke § 2241 only in the rare circumstance that § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e) (otherwise known as "the savings clause"). "The 'savings clause' . . . permits a federal prisoner, under very limited circumstances, to file a habeas petition pursuant to § 2241."[3] *Jones v.*

---

[3] As noted in note 1, *supra*, Moore has filed prior § 2241 petitions in other districts. *See Moore v. Holt*, 2012 WL 580172 at * 1 (M.D. Pa. Feb. 22, 2012); *Moore v. Willey*, 2002 WL 32163869 (11th Cir. Jan. 15, 2002) (from Moore's appellate brief); *Moore v. Willey*, 35 F. App'x 856 (11th Cir. Apr. 9, 2002) (table).

3

*Warden, FCC Coleman-USP I*, 598 F. App'x 678, 680 (11th Cir. Jan. 29, 2015). This is not one of those circumstances.[4]

The Eleventh Circuit recently held that *Johnson* "did not establish a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court." *In re: Gilberto Rivero*, ___ F.3d ___, 2015 WL 4747749 at * 1 (11th Cir. Aug. 12, 2015); *but see Price v United States*, ___ F. 3d ___, 2015 WL 4621024 at * 3 (7th Cir. Aug. 4, 2015) (authorizing a second or successive petition based on *Johnson*). Such a retroactively applicable Supreme Court decision is an essential condition necessary for a "claim to pass muster under the savings clause." *Samak*,

---

[4] As the Eleventh Circuit explains:

> The applicability of the savings clause is a threshold jurisdictional issue, and the savings clause imposes a subject-matter jurisdictional limit on § 2241 petitions. *Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1337–38 (11th Cir. 2013). The petitioner bears the burden of demonstrating that the § 2255 remedy was "inadequate or ineffective to test the legality of his detention" for purposes of § 2255(e). *Mackey v. Warden, FCC Coleman–Medium*, 739 F.3d 657, 661 (11th Cir. 2014). *Pro se* pleadings are liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

*Samak v. Warden, FCC Coleman–Medium*, 766 F.3d 1271, 1280 (11th Cir. 2014); *see also Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253, 1280 (11th Cir. 2013) (what makes a motion to vacate inadequate or ineffective, as required to permit a § 2241 habeas petition under § 2255's savings clause, is when erroneous circuit precedent foreclosed the petitioner's argument on the motion to vacate).

4

766 F.3d at 1274. So, Moore's reliance on the savings clause is misplaced.[5]

Finally, even if somehow Moore could be said to be challenging the execution of his sentence under a proper § 2241 petition, he is now incarcerated in Salters, South Carolina, doc. 23 at 3; *see also* attached B.O.P. print-out, and thus he must seek § 2241 relief in the District of South Carolina. *See Vance v. United States*, 476 F. App'x 234, 234 (11th Cir. 2012); *Paye v. United States*, 2007 WL 2177114 at * 1 (S.D. Ga. July 25, 2007).

Whether Moore's filing is treated as a § 2255 motion or a § 2241 petition, it must be **DISMISSED**, as this Court has no power to consider it.[6]

---

[5] Even were the Court to apply the Seventh Circuit's interpretation, Moore still would face dismissal because only the Iowa district court would have jurisdiction. *Pulliam v. Krueger*, 2015 WL 4648034 at * C.D. Ill. Aug. 5, 2015) ("Because Petitioner relies upon a new rule of constitutional law [*Johnson,* as held retroactively applicable by *Price*], he cannot make use of the § 2255 safety valve and bring this § 2241 petition under § 2255(e). Instead, he must bring his challenge pursuant to § 2255 rather than § 2241. Since Petitioner's claim is non-cognizable under § 2241, his petition must be dismissed for lack of jurisdiction [because he had been sentenced in another judicial district].").

[6] No Certificate of Appealability ("COA") is needed to appeal the dismissal of a § 2241 petition. *See Sawyer v. Holder*, 326 F.3d 1363, 1364 n. 3 (11th Cir. 2003) (federal prisoners proceeding under section 2241 do not need a certificate of

**SO REPORTED AND RECOMMENDED**, this  18Th  day of August, 2015.

/s/ M. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

appealability to appeal); *Barley v. Ala. Dep't of Mental Health*, 2015 WL 4232241 at * 3 (N.D. Ala., July 13, 2015). But if Moore's filing is deemed to be a § 2255 motion or a hybrid filing, a COA under 28 U.S.C. § 2253 would be required for the § 2255 portion. *See United States v. Click*, 2012 WL 6771970 at * 13 (E.D. Ky. Dec. 11, 2012). Applying the COA standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

Search bop.gov

| Home | About Us | Inmates | Locations | Jobs | Business | Resources | Contact Us |

# Find an inmate.

Locate the whereabouts of a federal inmate incarcerated from 1982 to the present.

Find By Number    **Find By Name**

| First | Middle | Last | Race | Age | Sex |
|---|---|---|---|---|---|
| ira | jerome | moore | | | |

**1** Result for search **ira jerome moore**          Clear Form    Search



## IRA JEROME MOORE
Register Number: 07866-029

Age: 50
Race: White
Sex: Male

Located at: Williamsburg FCI
Release Date: 05/17/2019

**Related Links**
Facility Information
Call or email
Send mail/package
Send money
Visit
Voice a concern

About the inmate locator & record availability

| About Us | Inmates | Locations | Jobs | Business | Resources | Resources For ... |
|---|---|---|---|---|---|---|
| About Our Agency | Find an Inmate | List of our Facilities | Life at the BOP | Acquisitions | Policy & Forms | Victims & Witnesses |
| About Our Facilities | Communications | Map of our Locations | Explore Opportunities | Solicitations & Awards | News Articles | Employees |
| Historical Information | Custody & Care | Search for a Facility | Current Openings | Reentry Contracting | Publications | Ex-Offenders |
| Statistics | Visiting | | Our Hiring Process | | Research & Reports | Media Reps |
| | Voice a Concern | | | | | |

Contact Us | FOIA | No FEAR Act | Privacy Policy | Information Quality | Website Feedback
USA.gov | Justice.gov | Open Government

http://www.bop.gov/inmateloc/                                                    1/1